UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JENNIFER JO MILLER, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:26-cv-01665-JPH-TAB |
| BOBBY (ROBERT) E. HUNLEY Judge, SULLIVAN COUNTY, TONYA BEDWELL, KIRK FREEMAN Tippecano County, TIMOTHY SHOUK Greene County, | ) | |
| Defendants. | ) | |

## ORDER GRANTING *IN FORMA PAUPERIS STATUS AND SCREENING COMPLAINT*

### I. *In Forma Pauperis* Status

Ms. Miller's motion to proceed *in forma pauperis* is **GRANTED**. Dkt. [3]; *see* 28 U.S.C. § 1915(a). While *in forma pauperis* status allows Ms. Miller to proceed without prepaying the filing fee, she remains liable for the full fees. *Rosas v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees.") (emphasis original). No payment is due at this time.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court has authority to screen complaints filed by a litigant proceeding *in forma pauperis*. Under that statute, a court must dismiss the complaint if at any time it determines the action: (1) "is frivolous or malicious"; (2) "fails to state a claim on which relief may be

granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." *Id.*

To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes pro se complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## III.
## Facts and Background

In reviewing the sufficiency of a complaint under the 12(b)(6) standard, "the well-pleaded facts in the complaint [are taken] as true." *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

In October 2025, Ms. Miller was arrested in Sullivan County where she was booked into the local jail. Dkt. 1 at 2. Ms. Miller alleges that the booking officer forced the fingerprinting system to accept her fingerprints despite the system repeatedly displaying "error invalid." *Id.* Since then, her criminal proceedings have occurred under her alias, "Jennifer Jo Racine" rather than her legal name Jennifer Jo Miller. *Id.* at 2, 5.

Ms. Miller was released on a $1,600 bond in late October 2025. *Id.* at 6. The court appointed attorney Timothy Shonk[1] to represent Ms. Miller. *Id.* at 6. In April 2026 when Ms. Miller retained private counsel, her entire bond was released to Mr. Shonk. *Id.* at 5.

Attorney Kirk Freeman was Ms. Miller's new counsel. *Id.* at 2. Ms. Miller asked Mr. Freeman to file motions for change of venue and a motion for a new judge to be assigned. *Id.* at 3. Because Mr. Freeman did not file these motions, Ms. Miller dismissed Mr. Freeman as her counsel and requested a refund. *Id.* Mr. Freeman deducted his $400/hour fee for work performed and returned $58.00 of the original $7,500 to Ms. Miller. *Id.* This included charging Ms. Miller for every email she sent to Mr. Freeman. *Id.*

Judge Robert Hunley permitted Mr. Freeman to withdraw from Ms. Miller's case and appointed her new counsel. *Id.* at 5. Since then, about three more court appointed lawyers have withdrawn from Ms. Miller's case. *Id.* at 5. Each time an attorney withdraws or files a motion, it gets filed under Ms. Miller's alias. *Id.* at 6.

Ms. Miller cannot afford to hire new counsel, so she is representing herself. *Id.* Ms. Miller's jury trial is approaching, and Judge Hunley has denied every motion Ms. Miller has filed. *Id.*

Ms. Miller filed this action under 42 U.S.C. § 1983 alleging these events violated her Sixth and Fourteenth Amendment rights. *Id.* at 2. Ms. Miller requests unspecified monetary damages from all parties. *Id.* at 6.

---

[1] Timothy Shonk is listed on the docket as Timothy "Shouk."

## IV.
## Analysis

Ms. Miller alleges that Defendants violated her Sixth Amendment right to counsel and her Fourteenth Amendment due process rights.[2] Dkt. 1 at 2.

### A. Claims against Judge Robert E. Hunley

Ms. Miller alleges that Judge Hunley violated her Sixth and Fourteenth Amendment due-process rights by refusing to update her name in the case, allowing multiple attorneys to withdraw, releasing her bond to Mr. Shonk without a hearing, and pushing her towards a jury trial that she is not prepared for. *Id.* at 2–6.

Under the *Younger* abstention doctrine, "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings," absent extraordinary circumstances. *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (citing *Younger v. Harris*, 401 U.S. 37 (1971)); *see also Sprint Comms., Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (noting that the *Younger* abstention doctrine "preclude[s] federal intrusion into ongoing state criminal prosecutions"). "[E]ven irreparable injury is insufficient" to justify federal interference "unless it is both great and immediate." *Younger*, 401 U.S. at 46 (citation modified). The "cost, anxiety, and inconvenience of

---

[2] Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), Ms. Miller has identified the theories he wishes to use. Where a *pro se* litigant has expressly stated the legal theories she wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2020) (citing *Clancy v. Off. of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606–07 (7th Cir. 2009)). Thus, the court analyzes Ms. Miller's claims only under the theories she has identified.

having to defend against a single criminal prosecution" are not sufficient. *Id.* at 46–47.

Ms. Miller requests relief that would directly interfere with her ongoing state criminal prosecutions in Sullivan County. The injuries Ms. Miller alleges are all incidental to criminal charges do not constitute irreparable harm for the purpose of *Younger*. *Id.* at 46. Ms. Miller also has not alleged that she is legally prohibited from bringing her claims and arguments in that state proceeding. *See Moore v. Sims*, 442 U.S. 415, 426 (1979) ("Certainly, abstention is appropriate unless state law clearly bars the interposition of the constitutional claims."); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy"). It therefore appears that Ms. Miller must raise her claims in her state court proceedings and, if necessary, follow the state appellate process. *See Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995); *J.B.*, 997 F.3d at 724 (Abstention "applies with equal force to . . . declaratory and injunctive relief, as well as . . . compensatory damages.").

This Court therefore abstains from exercising its jurisdiction regarding Ms. Miller's claims against Juge Hunley, and those claims are **DISMISSED without prejudice.**

**B. Claims against Mr. Kirk Freeman and Mr. Timothy Shonk**

Ms. Miller alleges that Mr. Freeman and Mr. Shonk each violated her Sixth and Fourteenth Amendment rights through their dissatisfactory

performance as her attorneys and by refusing to return their fees to her. Section 1983 claims are only cognizable, however, against defendants acting under color of state law. *Scott v. Univ. of Chicago Med. Ctr.*, 107 F.4th 752, 757 (7th Cir. 2024); 42 U.S.C. § 1983. Because both Mr. Freeman and Mr. Shonk are private individuals and Ms. Miller does not allege they were acting under color of state law, the claims against them are **DISMISSED**.

**C. Claims against Ms. Tonya Bedwell**

Ms. Miller alleges no facts that involve Ms. Tonya Bedwell. Thus, Ms. Miller's complaint failed to state a claim against Ms. Bedwell because there is no reasonable inference to be drawn that Ms. Bedwell is liable for any misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Ms. Miller's claims against Ms. Bedwell are **DISMISSED**.

**D. Claims against Sullivan County**

Ms. Miller did not name Sullivan County as a defendant in her complaint. Dkt. 1. If this does not match Ms. Miller's intent, she will have the chance to amend her complaint accordingly.

## IV.
## Clarification of Cases

Ms. Miller filed a motion for the court to clarify her active case numbers. Dkt. [17]. That motion is **GRANTED** to the extent that Ms. Miller is informed that she has filed four cases in the Southern District of Indiana. 1:26-cv-1616 is closed, but the remaining three are open. Ms. Miller is responsible for managing her cases and she must include the appropriate caption and case number at the top of all filings.

## V. Other Motions

Ms. Miller's motion for a hearing is **DENIED** as defendants have not yet been served. Dkt. [8]. Ms. Miller's motion for U.S. Marshal Service of Subpoena is **DENIED**. Dkt. [19]. Defendants will not be served unless Ms. Miller's complaint survives screening. Ms. Miller's motion to vacate transfer order is **DENIED as moot** because this case was never transferred. Dkt. [12]. Finally, Ms. Miller's motion for transcripts and audio recordings is **DENIED** because she must request those records herself from the county clerk's office. Dkt. [4].

## VI. Conclusion

The Court **directs the Clerk's office to update Defendant Timothy Shouk to Timothy Shonk on the docket** and **remove Sullivan County from the docket**.

Ms. Miller's motion to proceed *in forma pauperis* is **GRANTED**. Dkt. [3]. Ms. Miller's motion for clarification is **GRANTED** insofar as the answer provided above. Dkt. [17]. All other motions filed by Ms. Miller are **DENIED**. Dkt. [4], [8], [12], [19].

Ms. Miller's claims against Judge Hunley are **DISMISSED without prejudice**. Dkt. [1]. Ms. Miller's claims against Mr. Freeman, Mr. Shonk, and Ms. Bedwell are **DISMISSED without prejudice.** Ms. Miller has until **November 2, 2026**, to amend her complaint or a final judgment will be issued

in this case. The **Clerk is directed** to provide Ms. Miller with a blank civil rights complaint form.

An amended complaint should in essence tell the Court who did what when. The amended complaint will completely replace the complaint filed at docket 1 and must conform to the following guidelines:

1. the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ;"
2. the amended complaint must include a demand for the relief sought;
3. the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury; and
4. the amended complaint must include the case number referenced in the caption of this Order, 1:26-cv-01665-JPH-TAB and have the words "Amended Complaint" on the first page.

If an amended complaint is filed as directed, it will also be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above and final judgment entered without further notice.

**SO ORDERED.**

Date: 10/1/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JENNIFER JO MILLER
PO Box 14
Linton, IN 47441