UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JENNIFER JO MILLER,<br><br>Plaintiff,<br><br>v.<br><br>BOBBY (ROBERT) E. HUNLEY Judge,<br>SULLIVAN COUNTY,<br>TONYA BEDWELL,<br>KIRK FREEMAN Tippecano County,<br>TIMOTHY SHONK Greene County,<br>SULLIVAN COUNTY<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:26-cv-01665-JPH-TAB |

**ORDER SCREENING COMPLAINT**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court has authority to screen complaints filed by a litigant proceeding *in forma pauperis*. Under that statute, a court must dismiss the complaint if at any time it determines the action: (1) "is frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." *Id.*

To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes pro se complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## I.
## Facts and Background

In reviewing the sufficiency of a complaint under the 12(b)(6) standard, "the well-pleaded facts in the complaint [are taken] as true." *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

In October 2025, Ms. Miller was arrested in Sullivan County where she was booked into the local jail. Dkt. 1 at 2. Ms. Miller alleges that the booking officer forced the fingerprinting system to accept her fingerprints despite the system repeatedly displaying "error invalid." *Id.* Since then, her criminal proceedings have occurred under her alias, "Jennifer Jo Racine" rather than her legal name Jennifer Jo Miller. *Id.* at 2, 5.

Ms. Miller was released on a $1,600 bond in late October 2025. *Id.* at 6. The court appointed attorney Timothy Shonk to represent Ms. Miller. *Id.* at 6. In April 2026 when Ms. Miller retained private counsel, her entire bond was released to Mr. Shonk. *Id.* at 5.

Attorney Kirk Freeman was Ms. Miller's new counsel. *Id.* at 2. Ms. Miller asked Mr. Freeman to file motions for change of venue and a motion for a new judge to be assigned. *Id.* at 3. Because Mr. Freeman did not file these motions, Ms. Miller dismissed Mr. Freeman as her counsel and requested a refund. *Id.* Mr. Freeman deducted his $400/hour fee for work performed and

returned $58.00 of the original $7,500 to Ms. Miller. *Id.* This included charging Ms. Miller for every email she sent to Mr. Freeman. *Id.*

Judge Robert Hunley permitted Mr. Freeman to withdraw from Ms. Miller's case and appointed her new counsel. *Id.* at 5. Since then, about three more court appointed lawyers have withdrawn from Ms. Miller's case. *Id.* at 5. Each time an attorney withdraws or files a motion, it gets filed under Ms. Miller's alias. *Id.* at 6.

Ms. Miller cannot afford to hire new counsel, so she is representing herself. *Id.* Ms. Miller alleges that Ms. Tonya Bedwell, Sullivan County Clerk, backdated multiple of her filings by two years. Dkt. 24 at 3.

Ms. Miller filed this action under 42 U.S.C. § 1983 alleging these events violated her Sixth, Fourth, and Fourteenth Amendment rights. *Id.* at 2. Ms. Miller requests unspecified monetary damages from all parties. *Id.* at 6.

## II.
## Analysis

Ms. Miller alleges that Defendants violated her Sixth Amendment right to counsel and her Fourteenth Amendment due process rights.[1] Dkt. 1 at 2.

### A. Claims against Mr. Kirk Freeman and Mr. Timothy Shonk

Ms. Miller alleges that Mr. Freeman and Mr. Shonk each violated her Sixth, Fourth, and Fourteenth Amendment rights through their unsatisfactory

[1] Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), Ms. Miller has identified the theories he wishes to use. Where a *pro se* litigant has expressly stated the legal theories she wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2020) (citing *Clancy v. Off. of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606–07 (7th Cir. 2009)). Thus, the court analyzes Ms. Miller's claims only under the theories she has identified.

performance as her attorneys and by refusing to return their fees to her. Section 1983 claims are only cognizable, however, against defendants acting under color of state law. *Scott v. Univ. of Chicago Med. Ctr.*, 107 F.4th 752, 757 (7th Cir. 2024); 42 U.S.C. § 1983. Because both Mr. Freeman and Mr. Shonk are private individuals and Ms. Miller does not allege they were acting under color of state law, the claims against them are **DISMISSED**.

**B. Claims against Ms. Tonya Bedwell**

Ms. Miller alleges that Ms. Bedwell "backdated multiple submissions of [hers,] filing them with a backdate of two years." Dkt. 24 at 3. Ms. Miller alleges this prevented her filings from appearing on the record. *Id.* Ms. Miller's claims against Ms. Bedwell in her personal capacity fail because she did not identify an underlying claim that the backdating actually hindered or caused her to lose her case. *See Christopher v. Harbury*, 636 U.S. 403, 410 (2002) (finding access-to-courts claim failed, in part, because the underlying case would have been unsuccessful).

Ms. Miller's claims against Ms. Bedwell in her official capacity also fail. Ms. Bedwell is entitled to immunity for actions she took in her official capacity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Nevertheless, suits against state officials in their official capacity are equivalent to suits against the state. *Id.* To succeed in a suit against the state, a plaintiff must plausibly allege that the constitutional deprivation resulted from one of three forms of municipal action: an express policy, a widespread and well-settled custom or practice, or a decision by an official possessing final policymaking authority.

*See Bohanon v. City of Indianapolis*, 46 F.4th 669, 675 (7th Cir. 2022). The plaintiff must also allege municipal fault and that the identified municipal action was the moving force behind the constitutional injury. *Orozco v. Dart*, 64 F.4th 806, 823 (7th Cir. 2023).

While Ms. Miller may have plausibly alleged that Ms. Bedwell, the County Clerk, was a final decision maker, she did not plausibly allege a constitutional violation occurred because of the allegedly misdated filings or that the backdating was the moving force behind a cognizable constitutional injury. *See Christopher*, 636 U.S. at 410 (2002). Ms. Miller's claims against Ms. Bedwell are **DISMISSED**.

## VI.
## Conclusion

Ms. Miller's claims are **DISMISSED without prejudice.** Dkt. [24]. Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 11/18/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JENNIFER JO MILLER
520 S. 4th St.
Terre Haute, IN 47807